**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Civil Action No. ____8:20-cv-00715_____

BRIAN S. CROSS, individually, and on behalf of all others similarly situated

      Plaintiff,

v.

SEQUIUM ASSET SOLUTIONS, LLC,

      Defendant.

_____/

## **COMPLAINT**

NOW COMES BRIAN S. CROSS, individually, and on behalf of all others similarly situated, through undersigned counsel, complaining of SEQUIUM ASSET SOLUTIONS, LLC, as follows:

## **NATURE OF THE ACTION**

1.      This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*. and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

## **JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.      BRIAN S. CROSS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Brooksville, Florida.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9.      SEQUIUM ASSET SOLUTIONS, LLC, ("Sequium") is a limited liability company organized and existing under the laws of Georgia.

10.     Sequium has its principal place of business at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067.

11.     Sequium is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Sequium's business is the collection of debt.

12.     Sequium is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13.     Sequium is a "person" as defined by 47 U.S.C. § 153(39).

14.     Sequium is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

15.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8392.

16.     At all times relevant, Plaintiff's number ending in 8392 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

2

17.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18.     Plaintiff obtained broadcast satellite services through DirecTV.

19.     Plaintiff switched to another digital entertainment service provider – leaving a balance.

20.     Plaintiff's balance – once unpaid – was referred for collection.

21.     Plaintiff's unpaid balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     Plaintiff's unpaid balance is a "debt" as defined by Fla. Stat. § 559.55(6).

23.     Plaintiff's unpaid balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

24.     Last fall, Plaintiff started to received phone calls from Sequium.

25.     On multiple occasions, Plaintiff answered.

26.     Often times, Plaintiff was met by an automated, machine-operated voice prompting Plaintiff to: "hold for the next available representative."

27.     On multiple occasions, Plaintiff held.

28.     Once transferred, Plaintiff was met by noticeable pause prior to being welcomed by an agent.

29.     On multiple occasions, Plaintiff explicitly requested Sequium stop calling.

30.     Regrettably, Plaintiff continued to receive phone calls from numbers leading back to Sequium – including, (727) 263-0379, (727) 263-0429 and (866) 664-2513.

31.     Specifically, on February 1, 2020, Plaintiff received three (3) phone calls from (727) 263-0379.

32.     All in all, Defendant has placed (or caused to be placed) dozens of unconsented-to phone calls to Plaintiff in spite of Plaintiff's request(s) that they stop.

33.     Sequium's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, distress, increased risk of personal injury resulting from distraction, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of concentration, nuisance, stress, and wasted time.

34.     Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Sequium's unlawful collection practices stopped.

35.     Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys as direct results of Sequium's unlawful collection practices.

## CLASS ALLEGATIONS

36.     Paragraphs 15 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Classes") defined as follows:

### FDCPA Class

*All persons throughout the United States (1) to whom Sequium placed, or caused to be placed, a call; (2) within the one year preceding the date of this complaint through the date of class certification; (3) in connection with the collection of a consumer debt; (4) after he/she requested that Sequium cease calls to his/her telephone number.*

### TCPA Class

*All persons throughout the United States (1) to whom Sequium placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone*

*service; (3) using an artificial or prerecorded voice; (4) within the four years preceding the date of this complaint through the date of class certification; (5) after he/she requested that Sequium cease calls to his/her telephone number.*

38.     The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Sequium, Sequium's subsidiaries, parents, successors, predecessors, and any entity in which Sequium or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Sequium have been fully and finally adjudicated and/or released.

**A.     Numerosity**

39.     Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

40.     The exact number of the members of the Putative Classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

41.     The members of the Putative Classes are ascertainable because the classes are defined by reference to objective criteria.

42.     The members of the Putative Classes are identifiable in that their names, addresses and telephone numbers can be identified in business records maintained by Sequium.

**B.     Commonality and Predominance**

43.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Classes.

44.    Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.    Typicality**

45.    Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as result of Sequium's conduct.

**D.    Superiority and Manageability**

46.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

47.    The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

48.    By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

49.    Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

50.    Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

51.    Plaintiff has no interests antagonistic to those of the Putative Classes, and Sequium has no defenses unique to Plaintiff.

52.    Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**
**(On behalf of Plaintiff and the Members of FDCPA Class)**

53.     Paragraphs 15 through 35 of this Complaint are expressly adopted and incorporated

herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

54.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which
is to harass, oppress, or abuse any person in connection with the collection of a
debt.  Without limiting the general application of the foregoing, the following
conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone
conversation repeatedly or continuously with intent to annoy, abuse,
or harass any person at the called number.

15 U.S.C. § 1692d(5).

55.     Sequium violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling

Plaintiff after being asked to stop.  *See Chiverton v. Federal Financial Group, Inc*., 399 F. Supp.

2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to

stop calling amounted to harassment).

56.     Sequium further violated 15 U.S.C. § 1692d(5) by placing three (3) phone calls to

Plaintiff in one day.  *See Sanchez v. Client Services*, 520 F. Supp. 2d 1149, 1160 (N.D. Cal. 2007)

(granting summary judgment to plaintiff on a § 1692d(5) claim based on 54 calls over a six-months

period, including a day in which six calls were made).

57.     The phone calls at issue were intended to be annoying, abusive, or harassing.

58.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k

of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with

7

any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

    A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

    B.    a finding that Sequium violated 15 U.S.C. § 1692d(5);

    C.    an order enjoining Sequium from further violation(s) of 15 U.S.C. § 1692d(5);

    D.    an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Sequium's violation(s);

    E.    an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

    F.    an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Sequium;

    G.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.      an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of TCPA Class)**

59.      Paragraphs 15 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

60.      Sequium placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

61.      As plead above, Sequium used an artificial or pre-recorded voice which automatically played once Plaintiff answered Sequium's phone calls.

62.      As result of Sequium's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

63.      As result of Sequium's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A.      an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.      an order finding that Sequium violated 47 U.S.C. § 227 (b)(1)(A)(iii);

9

C.    an order enjoining Sequium from placing or causing to place further violating calls to consumers;

D.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation;

F.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G.    an award of such other relief as this Court deems just and proper.

## COUNT III:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)
### (on behalf of Plaintiff)

64.    Paragraphs 15 through 35 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

65.    Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

(7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

66.    Sequium violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL

5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

67.     Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Sequium violated Fla. Stat. § 559.72(7);

B.     an award of actual damages sustained by Plaintiffs as a result of Sequium's violation(s);

C.     an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 26, 2020                          Respectfully submitted,

                                                                **BRIAN S. CROSS**

                                                                By: *Alexander J. Taylor*

                                                                Alexander J. Taylor, Esq.
                                                                Florida Bar No. 1013947
                                                                SULAIMAN LAW GROUP, LTD.

11

2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com